IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Juan C. Alicea, | ) | C.A. No.: 3:25-cv-12681-MGL |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS ROBERT J. DEMUSZ** |
| | ) | **AND LONG HAUL TRUCKING,** |
| v. | ) | **INC.'S ANSWER TO COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Robert J. Demusz | ) | |
| Long Haul Trucking, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants, Robert J. Demusz and Long Haul Trucking, Inc. responding to the Complaint of the Plaintiff, will respectfully show under the Court the following:

**FOR A FIRST DEFENSE**
**(Answer to the Complaint)**

1. All allegations of the complaint not specifically admitted are denied.

2. These Defendants are without knowledge upon which to base a belief as to the truth of the matters asserted in Paragraph 1, and therefore would deny the same.

3. With regard to the allegations contained within Paragraph 2, Defendants admit that Defendant Demusz is a citizen and resident of the state of Georgia. It is further admitted that he was acting within the course and scope of his employment as an employee of Defendant Long Haul Trucking, Inc. The remainder of Paragraph 2 is denied.

4. Defendants admit Paragraph 3.

5. With regard to the allegations of Paragraph 4, Defendants admit that Defendant Long Haul Trucking, Inc. was operating as an interstate motor carrier under the DOT number 282451 and that it is subject to certain regulations of the Federal Motor Carrier Safety

1

Administration. It is admitted that Defendant Long Haul Trucking, Inc. was lawfully authorized to operate as a motor carrier in the state of South Carolina at the time of the incident. The remainder of Paragraph 4 is denied.

6. Paragraph 5 is admitted.

7. Paragraph 6 is admitted.

8. In response to Paragraph 7, Defendants would incorporate the previous paragraphs set forth herein.

9. With regard to the allegations of Paragraph 8, it is admitted that Plaintiff was operating his vehicle on I-20 on May 2, 2025. The remainder of Paragraph 8 is denied.

10. Defendants would admit Paragraph 9.

11. With regard to Paragraph 10, Defendants would admit that Defendant Demusz was attempting to execute a lane change and that the vehicle being operated by the Plaintiff collided with the Defendant's vehicle which was traveling in the adjacent lane. The remainder of Paragraph 10 is denied.

12. These Defendants are without knowledge upon which to base a belief as to the matters asserted in Paragraph 11 and therefore would deny the same.

13. With regard to Paragraph 12, Defendants would admit that Defendant Demusz was operating in the scope and course of his employment at the time of the accident. The remainder of Paragraph 12 is denied.

14. In response to Paragraph 13, Defendants would incorporate the previous paragraphs set forth herein.

15. In response to Paragraph 14, Defendants would admit that all drivers on a public roadway owe a duty to operate their vehicles as a reasonable person would. The Remainder of Paragraph 14 is denied.

16. Paragraph 15 is denied.

17. Paragraph 16 is denied.

18. Paragraph 17 is denied.

19. In response to Paragraph 18, Defendants would incorporate the previous paragraphs set forth herein.

20. Paragraph 19 is denied.

21. Paragraph 20 is denied.

22. Paragraph 21 is denied.

23. In response to Paragraph 22, Defendants would incorporate the previous paragraphs set forth herein.

24. Paragraph 23 is denied.

25. Paragraph 24 is denied.

26. Paragraph 25 is denied.

27. Paragraph 26 is denied.

28. In response to Paragraph 27, Defendants would incorporate the previous paragraphs set forth herein.

29. In response to Paragraph 28, Defendants would admit that Defendant Demusz was acting within the course and scope of his employment at the time of the incident that is the subject of this complaint. The remainder of Paragraph 28 is denied.

30. Paragraph 29 is denied.

31. In response to Paragraph 30, Defendants would incorporate the previous paragraphs set forth herein.

32. In response to Paragraph 31, Defendants would admit that Defendant Long Haul has the obligation to follow certain regulations with regard to hiring, training, supervision, and retention of its drivers. The remainder of Paragraph 31 is denied.

33. Paragraph 32 is denied.

34. Paragraph 33 is denied.

35. Paragraph 34 is denied.

36. Paragraph 35 is denied.

37. Paragraph 36 is denied.

38. Plaintiff's prayer for relief, Paragraph beginning with "WHEREFORE", is denied.

39. Defendants demand a trial by jury

**FOR A SECOND DEFENSE**
**(Comparative Negligence of Plaintiff as Bar)**

40. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

41. Defendants would show that Plaintiff's damages were due to and caused and occasioned by the sole or comparative negligence, recklessness, willfulness, and wantonness of Plaintiff Juan C. Alicea in one or more of the following particulars:

   a. failing to keep a proper lookout;

   b. failing to avoid the accident because Plaintiff had last clear chance to do so;

   c. failing to be mentally and physically alert;

   d. In crossing into the lane occupied by the Defendant Demusz;

   e. failing to otherwise be aware of his surroundings;

  f. failing to exercise the degree of care that a reasonably prudent person would have exercised under the same or similar circumstances then existing; and

  g. in such other particulars as may be discovered and/or shown in the Discovery process and/or trial of this case;

all of which are violations of the statutory and common law of the State of South Carolina, and which operate as a complete defense to the claim of Plaintiff.

## FOR A THIRD DEFENSE
### (Comparative Negligence of Plaintiff as Offset)

42. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

43. In the alternative, in the event the negligence of the Defendants was a greater than 50% cause of the alleged incident and Plaintiff's injuries, which are denied, the Defendants are entitled to a reduction of any amount awarded to the Plaintiff in an amount proportional to Plaintiff Ella Mae Brown's percentage of negligence.

## FOR A FOURTH DEFENSE
### (Unconstitutionality of Claim for Pain and Suffering under State Constitution)

44. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

45. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed by the Constitution of South Carolina for the following reasons:

  a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article 1, § 15 of the Constitution of South Carolina because such awards do not bear a reasonable relationship to the compensatory damages.

  b. Any award of damages for pain and suffering violates the guarantee of due process found in Article 1, § 3 of the Constitution of South Carolina because of the lack of

objective guidelines, rational factors, and defined limits on which a jury might base its award, and further, that such guidelines, factors, or limits as due exist are arbitrary and void for vagueness.

## FOR A FIFTH DEFENSE
**(Unconstitutionality of Claim for Pain and Suffering under Federal Constitution)**

46. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

47. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of the United States for the following reasons:

    a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States because such awards to not bear a reasonable relationship to the compensatory damages.

    b. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment of the Constitution of the United States because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award and further that such guidelines, factors, or limits that do exist are arbitrary and void for vagueness.

## FOR A SIXTH DEFENSE
**(Unconstitutionality of Punitive Damages under State Constitution)**

48. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

49. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

    b.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

    c.    Any award of punitive damages violates the guarantee of due process found in Article I, §3, of the Constitution of the State of South Carolina to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

**FOR A SEVENTH DEFENSE**
**(Unconstitutionality of Punitive Damages under the Federal Constitution)**

50. Defendants reiterate and reallege the above paragraphs as set forth herein verbatim.

51. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

    a.    Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

    b.    Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the

United States because of the lack of objective guidelines on which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

c. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

## FOR AN EIGHTH DEFENSE
### (Cap on Punitive Damages)

52. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

53. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, Plaintiff must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

## FOR A NINETH DEFENSE
### (Dismissal or Bifurcation of Punitive Damages Claim)

54. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

55. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after Defendants' liability has been determined. S.C. Code Ann. § 15-32-520.

## FOR A TENTH DEFENSE
### (Reservation of Defenses)

56. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

57. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action; accordingly, the right to assert additional defenses is hereby reserved.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Complaint be dismissed with prejudice; that Plaintiff recover no damages from Defendants; that Defendants be entitled all damages available to it under the law, including, if appropriate, attorney's fees and costs; and such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of October, 2025.

Respectfully submitted,

s/ Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (Fed. Bar. No. 5526)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025 (Office)
(864) 248-6035 (Fax)
Rob.Moseley@momarlaw.com
*Counsel for Defendants*

5654356.2