IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Juan C. Alicea,<br><br>*Plaintiff*,<br><br>vs.<br><br>Robert J. Demusz and Long Haul Trucking, Inc.,<br><br>*Defendants*. | Case No.: 3:25-cv-12681-MGL<br><br>**PLAINTIFF'S LOCAL CIVIL RULE <u>26.03 DISCLOSURE</u>** |

### I.      Local Civ. Rule 26.03 (D.S.C.) Disclosures

1.   **Short statement of the facts of the case:**

   RESPONSE:   This action arises from a tractor-trailer versus car rear end collision which occurred on May 2, 2025. Juan Alicea was the driver of a motor vehicle which was driving straight on Route 20 in Lexington when he was suddenly rear ended when a tractor-trailer improperly changed lanes. The truck was driven by Robert J. Demusz in the course and scope of his statutory employment with Long Haul Trucking, Inc.. Due to the collision, Plaintiff suffered bodily injury and has undergone medical treatment.

2.   **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

   RESPONSE:

   Plaintiff Juan Alicea

   Mr. Alicea is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision, the nature and extent of his injuries, his subsequent medical treatment, and the other elements of damage he suffered.

   Representatives of Long Haul Trucking, Inc.

   Representatives of Long Haul Trucking, Inc. are expected to testify regarding the hiring, training, and supervision of Robert J. Demusz. Additionally, the representatives are expected to testify regarding the policies and procedures implemented in the company's trucking operations.

Defendant Robert J. Demusz

Mr. Demusz is expected to testify to his knowledge of the facts and circumstances surrounding the subject collision.

Tfc. G.A. Babin c/o South Carolina Highway Patrol

Tfc. Babin is the law enforcement officer who investigated the subject incident. Tfc. Babin is expected to testify regarding his investigation of the crash.

Jason Highsmith, MD c/o Carolina Neurosurgery & Orthopedics

Dr. Highsmith is a treating physician providing medical treatment to Plaintiff following the crash. Dr. Highsmith is expected to testify regarding Plaintiff's injuries, his treatment of Plaintiff's injuries, medical causation, and any recommendations for future care.

Lee Hewett, MD c/o American Health Imaging

Dr. Hewett is the treating radiologist who read the magnetic resonance imaging of Plaintiff's cervical spine, lumbar spine, right shoulder, and right hip. Dr. Hewett is expected to testify consistent with his MRI reports regarding Plaintiff's injuries.

Zain Qazi, MD c/o American Health Imaging

Dr. Qazi is the treating radiologist who read the magnetic resonance imaging of Plaintiff's cervical spine, lumbar spine, right shoulder, and right hip. Dr. Qazi is expected to testify consistent with his MRI reports regarding Plaintiff's injuries.

3.  **The names and subject matter of expert witnesses:**

Aarian Prinston Afshari, MD c/o LCPpro, LLC

Dr. Afshari was retained by Plaintiff to prepare a life care plan for Plaintiff's future medical needs and medical expenses resulting from the injuries sustained in the subject collision.

Plaintiff also intends to elicit expert testimony from Plaintiff's treating doctors identified above. Plaintiff further reserves the right to identify further experts as discovery develops. Any further experts will be identified prior to the Court's deadline established in the scheduling order.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   RESPONSE:

   Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

   Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

   Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

   Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

   As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

5. **Proposed Deadlines:**

   RESPONSE:   See the proposed Conference and Scheduling Order.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

   RESPONSE:   Plaintiff is not aware of any special circumstances at this time.

7. **Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

   RESPONSE:   Plaintiff does not consent to a trial before a United States Magistrate Judge at this time.

[*Signature on Following Page*]

        **MORGAN & MORGAN, P.A.**

/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal ID:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone:     (843) 973-5186
Fax:               (843) 973-5208
jbiggart@forthepeople.com
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

December 12, 2025
North Charleston, SC